HILL, treasurer, *v.* HOLMES, commissioner, *et al.*

No. 10102.   September 19, 1934.

*Williams & Freéman,* for plaintiff in error.

*J. M. Fletcher* and *Beck, Goodrich & Beck,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) We are of the opinion that the controlling question in this case is, which party is entitled to the custody of the certificates? There is nothing in the constitutional amendment authorizing the issuance of these certificates by the State Highway Department which looks to placing the custody of these certificates with the treasurer of any of the counties of the State, or with the treasurer of the Coastal Highway District, which embraces the counties of Chatham, Bryan, Liberty, McIntosh, Glynn, and Camden. So we may examine the nature of these certificates in order to determine whether they are money or funds of any kind such as would ordinarily and naturally be placed in the custody of the treasurer, to be paid out by the treasurer on warrants drawn by the fiscal authorities of the county, or whether these certificates are merely evidences of debt due to the county, which can not be subjected to a county warrant drawn upon the treasurer until they are transmuted into available cash. In other words, are these certificates in their present form anything but property belonging to the county, as represented by the county commissioners as the county's financial representatives, just as road machinery, or mules, or dump-cars are the property of the county.

From the act of 1933 (Ga. L. 1933, pp. 161-172), putting into effect the constitutional amendment submitted by the act of the General Assembly approved August 25, 1931 (Ga. L. 1931, pp. 97-101), and ratified by the people in 1932, authorizing the sale and transfer of these certificates, etc., it is plain that no money can be obtained on these certificates unless they are sold, transferred, and assigned to purchasers of the obligations. Under the law the

commissioners of roads and revenues (or the ordinary in counties which have no county commissioners) alone can sell county property. The county treasurer, unless expressly authorized, has no duty nor any right to transfer any of the county property to any one. As the constitutional amendment of 1932 and the act of 1933 in pursuance thereof contemplate and permit the sale of these assets of the county for the purposes mentioned in the law, it necessarily follows that the county commissioners are entitled to the custody of the certificates in question. Consequently the court did not err in overruling the demurrers. To say that when money has been realized from these negotiable evidences of debt on the part of the State Highway Department to the county it must be returned to the county treasurer, and by him paid out upon warrants, would at least seem to be a useless encroachment upon the funds derived from the sale of the certificates by the commissioners of the county as to debts which can be discharged by the mere delivery of these certificates, or certainly in so far as that may be accomplished. However, the question as to whether the treasurer may be able to sustain his contention that the money can only be paid out by warrants upon him is entirely immaterial at this time, because he is evidently not entitled to the custody of these evidences of debt before any money has been obtained by their transfer, and is not authorized to do anything which will transmute these evidences of debt into money. They are at least merely choses in action, and therefore property of the county, whose only representatives in financial matters are the county commissioners.

It being admitted by the treasurer that he refused to deliver this property to the commissioners, the court did not err in making the mandamus absolute, in order to enforce the demand of the county commissioners for the possession and custody of county property which would not be available in response to any county warrant until its nature had been transmuted into money.

*Judgment affirmed. All the Justices concur.*